IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV265-1-MU
3:03CR207-MU

| | |
|---|---|
| ANTONIO DAWON BRIGGS,           )<br>                                                     )<br>          Petitioner,                        )<br>                                                     )<br>          v.                                        )<br>                                                     )<br>UNITED STATES OF AMERICA,       )<br>                                                     )<br>          Respondent.                      )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence,[1] filed July 11, 2007.

**PROCEDURAL HISTORY**

On November 14, 2005, after a trial by jury, Petitioner was convicted on two counts of violating 18 U.S.C. § 922(g). On May 24, 2007, this Court sentenced Petitioner to 66 months on each count to run concurrently to each other. The Judgment was filed that same day. Petitioner did not directly appeal his sentence and conviction. On July 11, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that he received ineffective assistance of counsel.

---

[1] The Court notes that Petitioner references Rule 35 of the Criminal Rules of Federal Procedure and 18 U.S.C. § 3742 as well as the elements for the crime of false pretenses. Petitioner, however, does not provide any analysis to apply these concepts to his case.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on her claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

### A. Appeal

Petitioner alleges that he received ineffective assistance of counsel because his counsel "induced him not to appeal by force of influence." Significantly, Petitioner does not assert that his counsel failed to file an appeal when he requested him to do so. See United States v. Peak, 992 F.2d 39 (4th Cir. 1993). Nor does Petitioner assert that his counsel failed to discuss his appeal rights with him. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Moreover, Petitioner's unsupported assertions that his attorney went on vacation to avoid filing an appeal for Petitioner or that his attorney was somehow responsible for Petitioner's calls to him being blocked by the jail are unsupported speculation. After reviewing Petitioner's claim this Court concludes that Petitioner has failed to carry his burden and he has failed to state a claim.

### B. Change of Sentencing Date

Petitioner alleges that his counsel was ineffective because she misled him into believing that the "new federal laws that were passed on June 1, 2007," would not have any impact on his sentence. Petitioner contends that under these "new laws" he would have received a lower senetnce. Petitioner does not specify what "new federal laws" he is basing his claim upon. This Court is unaware of any new federal law that was effective June 1, 2007, and rejects Petitioner's claim as fanciful.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

Signed: July 17, 2007

Graham C. Mullen
United States District Judge